# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROGER WILLIAMS,

        Plaintiffs,

  v.

NURSE/DOCTOR JOHN DOE/
JANE DOE, et al.,

        Defendants

CIVIL ACTION
NO. 16-3949

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                       **OCTOBER 17, 2017**

      Defendants move to dismiss Plaintiff Roger Williams' Complaint. Mr. Williams *pro se* alleges Defendants Jane/John Doe and Joseph C. Korszniak violated the Eighth Amendment when they withheld medication with deliberate indifference to his medical needs and inflicted unnecessary pain and suffering. Defendant Korszniak is employed by S.C.I. Graterford as the Correctional Health Care Administrator ("CHCA") and Defendant Nurse/Doctor John/Jane Doe ostensibly refers to the medical prison official who provided care to Mr. Williams. However, Mr. Williams' Complaint does not identify who specifically provided the care resulting in the alleged injury.

      Defendants assert that Eleventh Amendment immunity bars suit against the Commonwealth, its agencies, and employees in their official capacities. Given Mr. Williams' *pro se* status, it is understandable that he does not distinguish between Defendants' official and individual capacity under § 1983. For purposes of the present complaint, this Court will analyze Mr. Williams' claim as if pled as an official-capacity claim while addressing Defendants' sovereign immunity defense. This Court will then address Mr. Williams' Eighth Amendment argument set forth in the Complaint. Further,

Defendants' motion only addresses claims made against one Defendant, Joseph C. Korszniak; therefore, this Court will only address those defenses.

Mr. Williams failed to respond to the motion to dismiss filed by Defendants. Failure to make a timely response allows the court to treat a motion as uncontested. *Move Organization v. City of Philadelphia*, 89 F.R.D. 521, 523 (E.D. Pa. 1981). Further, there is no question that Mr. Williams actually received a copy of the motion to dismiss, as the certificate of service states that the motion was served upon him at S.C.I. Mercer. As of the date of this opinion, Mr. Williams is no longer incarcerated at S.C.I. Mercer. Mr. Williams' response was due in October of 2016; he has not responded, nor has he requested additional time to do so.

Rule 7.1(c) of the local Rules of Civil Procedure for the Eastern District of Pennsylvania provides that "[i]n the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rules of Civil Procedure governing summary judgment motions]." *See also Celestial Community Development Corp., Inc., v. City of Philadelphia*, 901 F.Supp.2d 566, 578 (E.D. Pa. 2010) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."); *Nelson v. DeVry, Inc.*, No. 07-4436, 2009 WL 1213640 (E.D. Pa. April 23, 2009) ("Failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed."). Accordingly, Defendants motion to dismiss is granted as unopposed. However, even if this Court were not to consider the motion as unopposed, the motion would be granted nonetheless. Therefore, moving Defendant's motion to dismiss will be granted with prejudice as to Defendant Korszniak.

This Court also notes the remaining Defendant in this case is Nurse/Doctor Jane/John Doe. Mr. Williams will be given thirty (30) days to file an amended complaint properly identifying Jane/John Doe. If Plaintiff fails to do so, his complaint will be dismissed without further notice.

A. **STANDARD OF REVIEW**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane*

3

*Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d. Cir. 2010).

However, a document filed *pro se* must be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B. ANALYSIS**

    **1. Sovereign Immunity under the Eleventh Amendment**

Defendant Korszniak argues the Eleventh Amendment bars him from suit in his official-capacity.[1] The Eleventh Amendment precludes private federal litigation against states, state agencies, and state officials in their official capacities. This immunity is subject to three basic exceptions: "(1) Congress may specifically abrogate a state's sovereign immunity by exercising its enforcement power under the Fourteenth Amendment; (2) a state may waive its sovereign immunity by consenting to suit; or (3) under *Ex parte Young*, a state official may be sued in his or her official capacity for prospective injunctive relief. *Hollihan v. Pennsylvania Department of Corrections*, 159

---

[1] As previously stated, this Court will address Mr. Williams' allegations against Defendant Korszniak as official-capacity claims under § 1983.

4

F.Supp.3d 502, 510 (M.D. Pa. 2016) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-70 (1997).

As it pertains to the first exception, it is well-settled that by enacting § 1983 Congress has not abrogated Eleventh Amendment immunity. *Id.* (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989)). Second, Pennsylvania has unequivocally withheld consent to suit under § 1983. *Id.* "Section 8521 of Title 42 of the Pennsylvania Code clearly states, 'Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment of the Constitution of the United States.'" *Id.* (citing 42 Pa. C.S. § 8521(b)); *see also Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 196 (3d Cir. 2008); *see also Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). Finally, Mr. Williams raises official-capacity claims against Defendant Korszniak under § 1983 as an employee of the DOC and agent of the Department. Such official-capacity claims are only exempt from Eleventh Amendment immunity when the official is sued for prospective injunctive relief. *Hindes v. F.D.I.C.*, 137 F.3d 148, 165 (3d Cir. 1998) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

To the extent Mr. Williams requests injunctive relief against Defendant Korszniak, this relief is not "prospective." Mr. Williams is no longer in prison and there are ostensibly no legal claims or factual allegations against Defendant Korszniak. Therefore, Mr. Williams' § 1983 official-capacity claims against Defendant Korszniak are barred by sovereign immunity.

### 2. **Inadequate medical care under the Eighth Amendment**

Mr. Williams brings an Eighth Amendment claim against Defendant Korszniak stemming from the inadequate care he received traveling from S.C.I. Mercer to S.C.I. Graterford. The Eighth Amendment protects prisoners from cruel and unusual punishment in the form of inadequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). To establish a claim under the Eighth Amendment, an inmate must allege: "(1) a serious medical need; and (2) acts or omissions by prison officials which demonstrate deliberate indifference to that need. *Id.* at 103-04. A serious medical need is something so obvious a lay person would "easily recognize the necessity for a doctor's attention." *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Deliberate indifference requires the official know of and disregard "an excessive risk to inmate health or safety," and that the "excessive risk was so obvious that the official must have known about it." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Negligence alone is not itself actionable under the Constitution in violation of the Eighth Amendment. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).

Medical authorities are typically provided "considerable latitude" in the diagnosis and treatment of inmate patients when made with informed judgment. *Id.* However, *Estelle's* deliberate indifference standard is violated when "a prison official knows of a prisoner's need for medical treatment and intentionally refuses to provide it; delays necessary medical treatment for a non-medical reason; or prevents a prisoner from receiving needed or recommended medical treatment." *Hollihan*, 159 F.Supp.3d at 511.

Before determining whether a defendant demonstrated deliberate indifference, this Court must distinguish between medical and non-medical prison officials. Our

Circuit finds a distinction between non-medical prison officials – typically corrections officers – and medical prison officials – doctors and nurses *providing* medical care. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (finding non-medical prison official not chargeable with Eighth Amendment scienter required of deliberate indifference) (emphasis added).[2] As such, medical and non-medical prison officials are held to different standards within the context of deliberate indifference.

Here, though Mr. Williams does not factually or legally allege violations against Defendant Korszniak, Korszniak is nonetheless a named Defendant and his status as a prison official must be addressed. Mr. Korszniak's position at S.C.I. Graterford is Correctional Health Care Administrator ("CHCA") and his only role in Mr. Williams' case appears to be his decision upholding Mr. Williams' grievance against the prison nurses and doctors. Defendants argue Korszniak's role is merely supervisory and not medical; therefore, he is not qualified to second guess treatment. (ECF Docket No. 8, at 12.) Furthermore, he does not appear to have done anything detrimental to Mr. Williams.

Defendants contend Korszniak lacks authority to prescribe or dispense medication, or make medical decisions. (Id.) In *Davis*, our Circuit summarily affirmed the order of the District Court adopting the Magistrate's Report and Recommendation finding "deliberate indifference is not shown where supervisory correctional staff do not respond to the medical complaints of a prisoner who is already being treated by prison medical staff." *Davis v. Thomas*, 448 Fed.Appx. 150, 154 (3d Cir. 2014). As Defendants

---

[2] In *Spruill*, our Circuit stated: "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor. Moreover, under such a regime, non-medical officials could even have a perverse incentive not to delegate treatment responsibility to the very physicians most likely to be able to help prisoners, for fear of vicarious liability." *Spruill*, 372 F.3d at 236.

argue, "it is not the CHCA's role to order medical treatments or prescribe medication; rather, the CHCA acts in a 'management capacity,' overseeing administration of the health and dental departments of the prison, nursing staff, and independent contractors." (Id.) (citing *Popovich v. Lames*, C.A. No. 13-1528, 2014 WL 939508, at *3 (M.D. Pa. March 11, 2014; *Josey v. Beard*, C.A. No. 06-265, 2009 WL 1858250, at *7, n.9 (W.D. Pa. June 29, 2009)). On its face, the Complaint does not appear to allege Defendant Korszniak provided medical care to Mr. Williams. The only reference to Defendant Korszniak's interaction with Mr. Williams is Korszniak's role in the grievance process – a mechanism for aggrieved inmates to make formal complaints against prison officials. (ECF Docket No. 3, at 8.) In fact, Defendant Korszniak upheld Mr. Williams' initial grievance in his role as the Corrections Health Care Administrator.

However, there is no constitutional right to a grievance procedure. *Atwell v. Lavan*, 557 F.Supp.2d 532, 547 (M.D. Pa. 2008) (citing *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977)). "As the Court indicated in *James*, evidence only showing supervisory Defendants' involvement in an Eighth Amendment medical care claim was that they responded unfavorably to the inmate's later-filed grievances, does not establish an Eighth Amendment violation against them." *Id* (citing *James v. Pennsylvania Dept. of Corrections*, 230 Fed.Appx. 195, 198 (3d Cir. 2007)). Our Circuit has found that "[o]nce a prison grievance examiner becomes aware of potential mistreatment, the Eighth Amendment does not require him or her to do more than 'review [ ] ... [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment.'" *James*, 230 Fed.Appx. at 198 (citing *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005)).

Therefore, given Defendant Korszniak's role in Mr. Williams' treatment and grievance process, and his status as the CHCA, this Court finds his actions could not have amounted to deliberate indifference in violation of the Eighth Amendment. Furthermore, Defendant Korszniak is not required to do more than review Mr. Williams' grievance – as he did in this situation. Thus, this Court finds the Eighth Amendment claim against Defendant Korszniak dismissed as a matter of law.

C. **CONCLUSION**

Accordingly, for the reasons stated, Defendant Korszniak's motion to dismiss will be granted. Mr. Williams' § 1983 official-capacity claims are barred by sovereign immunity and Defendant Korszniak is not subject to Eighth Amendment deliberate indifference. This Court again notes the remaining Defendants in this case are Nurse/Doctor Jane/John Doe. Mr. Williams has thirty (30) days to file an amended complaint properly identifying Jane/John Doe. If Mr. Williams fails to do so, his complaint will be dismissed without further notice.